RECEIVED
IN LAKE CHARLES, LA

JUN 2 7 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICS | : | DOCKET NO. 2:12 CR 00273-001 |
| VS. | : | JUDGE MINALDI |
| FRANKLIN ALEXI GUTIERREZ-AMADOR | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the defendant's objection to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant argues that he should receive a three point reduction pursuant to USSG §2L1.1(b)(1) because he was not paid by the illegal aliens for transportation. It is undisputed, however, that the defendant was employed (for pay) to transport these individuals to various work sites.

USSG, § 2L1.1 (b)(1) states:

**(b)** Specific Offense Characteristics

**(1)** If (A) the offense was committed other than for profit, or the offense involved the smuggling, transporting, or harboring only of the defendant's spouse or child (or both the defendant's spouse and child), and (B) the base offense level is determined under subsection (a)(3), decrease by 3 levels.

*Application Notes:*
1. **Definitions.**--For purposes of this guideline:

"The offense was committed other than for profit" means that there was no payment or expectation of payment for the smuggling, transporting, or harboring of any of the unlawful aliens.

Probation asserts that , as an employee, the defendant was expecting payment for performing his job duties, which was transporting illegal aliens to job sites.  The defendant knew that these people were not in the United States legally.  The Specific Offense Characteristic does not state that the profit must be derived directly from those being transported to be considered a "for profit" activity.

In order to qualify for the § 2L1.1(b)(1) reduction, Gutierrez-Amador bears  the burden of showing that the offense was committed other than for profit. *See United States v. Cuellar-Flores.* 891 F.2d 92, 93 (5th Cir.1989);  *United States v. Perez-Torres,*  384 Fed.App'x. 370, 2010 WL. 2711046, 1 ( 5th Cir. 2010).

In *Perez-Torres,* the aliens made arrangements with unknown individuals to be smuggled into the United States and taken to Houston, Texas, in exchange for$1,200 or $1,300. After crossing into the United States, a guide led the aliens to a Valero gas station in Alice, Texas. The aliens were told to wait at the station and that someone would pick them up. Approximately 15 to 20 minutes later. Perez-Torres arrived at the Valero station and told the aliens to get into his vehicle. The aliens expected to pay the smuggling fee following their arrival in Houston. Nothing about the facts or any other evidence presented at trial supported an inference that Perez-Torres transported the aliens for any reason other than profit. Further, although there was no direct evidence that Perez-Torres was paid or was going to be paid for transporting the aliens to Houston. **there was circumstantial evidence that he knowingly participated in an alien smuggling operation in which other members either received or expected to receive money**. (Emphasis added). Thus, the court held that a finding that the alien transportation offenses were committed for profit was plausible in light

2

of the record read as a whole and was not clearly erroneous. *See United States v. Cisneros-Gutierrez,*

517 F.3d 751, 764 (5th Cir.2008).

In following the reasoning of the Fifth Circuit in *Perrez-Torrez,* this court finds that the

Specific Offense Characteristics were properly applied in the case at bar.  The defendant's objection

IS OVERRULED.

Lake Charles, Louisiana, this 26 day of June , 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE